UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GLASS, | CASE NO. 1: 15-cv-00988-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| CDCR, et al., | (ECF No. 1) |
| Defendants. | THIRTY DAY DEADLINE |

**I.  PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 5.)

Plaintiff's Complaint is now before the Court for screening. (ECF No. 1.)

**II.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon

which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  SUMMARY OF COMPLAINT

Plaintiff identifies the California Department of Corrections and Rehabilitation – Kern Valley State Prison, Warden Martin M. Biter, Sergeant J. McMahon, Correctional Counselors D. Tarnoff and S. Tallerico, Appeals Analyst K. Carter, Facility Captain W. Adams, Ombudsman Sonya Valle, and Trust/Accounting Correctional Officers W. Estrella, Mike Fres[1], S. Pickering, J. Molly[2], J. Calasin, and L. Sanchez as Defendants.

Plaintiff's allegations can be summarized essentially as follows:

Defendants violated 5 U.S.C. § 552a by failing to accurately maintain his trust account funds. From February 2011 to October 3, 2013, Defendants unlawfully deducted funds from Plaintiff's trust account and deprived Plaintiff use of his funds to obtain an attorney, thereby preventing Plaintiff's access to the courts. Defendants' actions were in retaliation for Plaintiff filing prison grievances and petitioning the courts.

From January to May 2011, Defendant McMahon conspired with Defendants Estrella, Sanchez, Fres, Calasin, Molly, and Pickering and forged a CDC Form 193 Trust account withdrawal order to deduct $55 from Plaintiff's account.

In June 2011, $720 was deducted from Plaintiff's settlement funds. Plaintiff did not authorize this deduction or deposit of the remaining settlement funds into his account. Defendants Biter, Estrella, Fres, Sanchez, Calasin, Molly, and Pickering "double dipped" by deducting filing fees that Plaintiff had already paid from his account.

---

[1] It appears from Plaintiff's complaint that he is unaware of this Defendant's entire last name.
[2] Plaintiff spells this Defendant's name as both "Molly" and "Motly." The Court will use "Molly" throughout this Order to refer to this Defendant. If Plaintiff chooses to amend, he should specify which spelling is accurate and use only that spelling throughout his filings.

2

In retaliation for appeals Plaintiff filed against Defendant Tarnoff, Defendant Tarnoff refused to process Plaintiff's appeals regarding the mismanagement of his trust funds. On July 31, 2012, Defendants Tallerico and Carter admitted that they were maliciously screening out, cancelling, and/or rejecting Plaintiff's grievances regarding his trust account.

Defendant Adams knew of and participated in the mismanagement of Plaintiff's trust account.

In approximately 2012 - 2013, Plaintiff contacted Defendant Valle regarding the above violations, and she refused to investigate the matter.

Plaintiff seeks monetary damages and declaratory relief for the violation of his Fifth and Fourteenth Amendment rights and 5 U.S.C. § 552a.

## IV.   ANALYSIS

### A.   Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

### B. State Agencies as Defendants

Plaintiff names the California Department of Corrections – Kern Valley State Prison as a Defendant in this action. "State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). The California Department of Corrections and Rehabilitation is a state agency. Because a necessary element of a successful Section 1983 claim is that a "person" violated the plaintiff's constitutional rights, and California Department of Corrections – Kern Valley State Prison is not a "person", Plaintiff cannot state a Section 1983 claim against this Defendant.

In addition, "[i]n the absence of a waiver by the state or a valid congressional override, 'under the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.'" *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) (*quoting Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1989)). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." *Id.* at 1025-26; *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). Accordingly, the Eleventh Amendment bars Plaintiff's Section 1983 claim against the California Department of Corrections – Kern Valley State Prison. Because amendment would be futile, the Court will dismiss Plaintiff's claims against this

Defendant without leave to amend.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### C.     Due Process – Property Deprivation

The Due Process Clause protects against property deprivation without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  To the extent Plaintiff might allege the deprivation was not authorized by state law, *Hudson* precludes a procedural due process claim based upon an "unauthorized intentional deprivation of property by a state employee if a meaningful post-deprivation remedy for the loss is available."  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "California law provides an adequate post-deprivation remedy for any property deprivations."  *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir.1994) (*citing* Cal. Gov't Code §§ 810–895).

Plaintiff does not state a cognizable claim for relief for violation of the Due Process Clause of the Fourteenth Amendment for the deprivation of his property. Plaintiff alleges that Defendants Biter, McMahon, Estrella, Calasin, Mike Fres, Molly, Pickering, and Sanchez erroneously withdrew and deposited funds into his trust account without his permission, indicating that the taking was unauthorized and intentionally done.  Plaintiff has a post-deprivation remedy for said taking under California law.  To the extent that Plaintiff alleges the taking was authorized, he will be given an opportunity to amend.  If Plaintiff chooses to amend, he should allege **true** facts showing how and why an authorized deduction from his trust account deprived him of property without notice and opportunity to contest the deprivation and disposition of the property.

### D.     Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

While Plaintiff names all Defendants under this cause of action for retaliation, he only alleges facts specific to Defendants Tarnoff, Tallerico, and Carter. Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). In other words, there must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978). If Plaintiff wishes to allege a retaliation claim against any of the other Defendants, he must allege specific and true facts linking each Defendant to the alleged retaliation.

Plaintiff alleges that Defendant Tarnoff refused to process Plaintiff's appeals regarding the mismanagement of his trust funds because Plaintiff had filed other grievances against Defendant Tarnoff. Defendants Tallerico and Carter continued Defendant Tarnoff's practice of refusing to properly process Plaintiff's grievances.

Plaintiff fails to allege what protected conduct motivated Defendants' Tallerico and Carter to deny his appeals. Plaintiff's **speculation** that Defendant Tarnoff's conduct was motivated by his filing of grievances against him is insufficient. Plaintiff must allege **facts** to support each Defendant had a retaliatory mindset. *See Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing in addition to other evidence, including statements). Additionally, Plaintiff fails to allege that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct" and that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (*quoting Sorrano's Gasco, Inc. v.*

6

*Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). Plaintiff will be granted leave to amend to allege these elements.

### E. Access to Courts

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right is limited to bringing complaints to federal court in direct criminal appeals, habeas petitions, and civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). It is not a right to discover such claims or to litigate them effectively once filed with a court. *Id.* at 354-55. A plaintiff must show that he suffered an "actual injury," *i.e.* prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. *Id.* at 348-49. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. *Id.* at 351.

Plaintiff alleges that because of Defendants Biter, Estrella, Calasin, Mike Fres, Molly, Pickering, and Sanchez's actions, he did not have sufficient funds in his trust account to pay the retainer fee for a lawyer to represent him at trial in his criminal case. Plaintiff cannot state a claim for access to the courts on these facts. Plaintiff's original criminal case is not a direct criminal appeal, habeas petition, or civil rights action, and the right to access to the courts does not extend to the ability to effectively litigate a case once it is filed. Additionally, Plaintiff fails to allege what, if any, injury he suffered by not being able to retain an attorney for his trial. Because Plaintiff cannot state a claim for access to the courts on these facts, leave to amend is denied as futile.

### F. 5 U.S.C. § 552a

Plaintiff alleges that Defendants CDCR, Biter, Estrella, Calasin, Mike Fres, Molly, Pickering, Sanchez, and Adams violated the Privacy Act by failing to properly maintain and manage his trust account. "The private right of civil action created by the [Privacy] Act is specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the statute do not apply against private individuals, state

agencies, private entities, or state and local officials." *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir.1985) (citations omitted); *See also St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir.1981) (holding that the Privacy Act provides no private right of action against "state agencies or bodies").  Defendants are all state agencies or state and local officials.  Plaintiff cannot state a Privacy Act claim against these Defendants.  Leave to amend is denied as futile.

### G.     Declaratory Relief

In addition to damages, Plaintiff seeks a declaration that Defendants violated his constitutional rights.  Plaintiff's claims for damages necessarily entail a determination of whether his rights were violated, and therefore, his separate request for declaratory relief is subsumed by those claims.  *Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005).  Should Plaintiff seek some other declaratory judgment, he must clearly specify what relief he seeks and how such relief would settle "a substantial and important question currently dividing the parties."  *L.A. Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 703 (9th Cir. 1992).

## V.     CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief.  The Court will grant Plaintiff an opportunity to file an amended complaint.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an "amended complaint supersedes the original" complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently

alleged.  Here, the amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1.) is DISMISSED for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his signed Complaint filed June 29, 2015;
3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim, failure to comply with a court order, and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).  *Silva v. Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   August 12, 2015            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE