UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DONALD GLASS,

Plaintiff,

v.

CDCR, et al.,

Defendants.

CASE NO. 1: 15-cv-00988-DAD-MJS (PC)

FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM

(ECF No. 13)

FOURTEEN (14) DAY OBJECTION DEADLINE

## I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 5.)

The Court screened Plaintiff's Complaint and dismissed it with leave to amend. (ECF No. 8.) Plaintiff's First Amended Complaint ("FAC") is now before the Court for screening. (ECF No. 13.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF COMPLAINT

Plaintiff identifies Warden Martin M. Biter, Sergeant J. McMahon, Correctional Counselors/Appeals Coordinators D. Tarnoff and S. Tallerico, Appeals Analyst K. Carter, Facility Captain and Litigation Coordinator W. Adams, Ombudsman Sonya Valle, and Trust/Accounting Correctional Officers W. Estrella, Mike Fre[1], S. Pickering, J. Molly[2], J. Calasin, and L. Sanchez as Defendants.

Plaintiff's allegations can be summarized essentially as follows:

Defendants Biter, Estrella, Mike, Calasin, Molly, Pickering, Sanchez, and Adams intentionally and illegally deducted funds from Plaintiff's trust fund account on three separate occasions ((1) $55 for destruction of a mattress, (2) $455 in court filing fees erroneously deducted twice for the same court case, and (3) a $720 restitution fee) without providing him with a pre- or post-deprivation due process hearing. Defendants

[1] Plaintiff believes these are the first three letters of this Defendant's last name. Plaintiff attaches as Exhibit A to his FAC, a document signed by this Defendant, indicating he is the "Authorized Officer of the Institution". (ECF No. 13 at 17.) The last name of the Defendant's signature is illigible. The Court will refer to the Defendant by first name throughout this Order.

[2] Plaintiff attaches two Exhibits signed by this Defendant (Exhibit C & D). (ECF No. 13 at 21, 23.) The Court cannot decipher the spelling of Defendant's last name. The Court will use the spelling provided by Plaintiff throughout this Order.

Biter, Tarnoff, Tallerico, Adams, Carter, and Valle then retaliated against Plaintiff "to chill his First Amendment rights to file and exhaust administrative grievances. . ." (ECF No. 13 at 4.)[3] Defendant Valle became aware that the above funds were deducted from Plaintiff's account erroneously and without him receiving a pre- or post-deprivation hearing and failed to provide Plaintiff a hearing or return the funds to his account.

A. $55 Mattress Deduction

From November 2010 to early 2011, Defendants McMahon, Estrella, Mike, Calasin, Molly, Pickering, and Sanchez deducted $55 from Plaintiff's prison account under "the guise of an internal disciplinary sanction" for a damaged mattress. (ECF No. 13 at 4.) There was no hearing to determine whether Plaintiff was, in fact, responsible for the destruction of the mattress. When Plaintiff refused to sign a form authorizing the deduction, Defendant McMahon forged Plaintiff's signature, and the amount was deducted. Plaintiff filed several appeals on the issue.

Defendant Tarnoff retaliated against Plaintiff by redacting the appeals. Defendants McMahon, Estrella, Mike, Calasin, Molly, Pickering, Sanchez, Adams, Tallerico, Carter, and Valle also retaliated against Plaintiff for filing an appeal in November 2010 regarding the erroneous deduction from his account.

B. $455 Court Filing Fee

On February 9, 2011, the District Court authorized the taking of a $455 court filing fee for Plaintiff's appellate case (Case No. 11-15109). On July 25, 2011, Defendants Estrella, Mike, Calasin, Molly, Pickering, Sanchez, Biter, and Adams violated Plaintiff's due process rights by erroneously deducting the $455 court filing fee in the District Court case (Case No. 1:04-cv-05953-LJO-DLB) in addition to the fee authorized in the appellate case. Plaintiff filed an appeal disputing the deduction for the District Court

[3] Initially, Plaintiff identifies only Defendants Biter, Estrella, Mike, Calasin, Molly, Pickering, Sanchez, and Adams as being involved in the illegal deductions from his account, and Defendants Biter, Tarnoff, Tallerico, Adams, Carter and Valle as those who retaliated against him. (ECF No. 13 at 4.) As noted more specifically below, Plaintiff alleges other Defendants were also involved in the deductions and retaliation.

case. Defendant Tarnoff rejected the appeal in retaliation for Plaintiff filing an earlier appeal against her.

C. $720 Restitution Fee

On July 25, 2011, Defendants Biter and Adams sent a "non-collecting bill of costs court order" to Defendants Estrella, Mike, Calasin, Molly, Pickering, and Sanchez instructing them to illegally deduct $720 from Plaintiff's account. (ECF No. 13 at 6.) Plaintiff appealed the wrongful deduction. Defendants Tarnoff and Tallerico denied the appeals in retaliation for Plaintiff filing other appeals against them.

Plaintiff seeks monetary damages, costs, and declaratory relief for the violation of his First, Fifth, and Fourteenth Amendment rights.

## IV. ANALYSIS

### A. Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id*.

**B. Due Process – Property Deprivation**

The Due Process Clause protects against property deprivation without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To the extent that Plaintiff might allege the deprivation was not authorized by state law, *Hudson* precludes a procedural due process claim based upon an "unauthorized intentional deprivation of property by a state employee if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "California law provides an adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir.1994) (*citing* Cal. Gov't Code §§ 810–895).

In the prior screening order, the Court advised Plaintiff that he could not state a due process claim based upon the Defendants' unauthorized and intentional taking of funds from his trust fund account. (ECF No. 8.) Plaintiff again alleges that the three transactions he is disputing were not random acts, that they were done intentionally, and that they were not authorized by law. To the extent that Plaintiff wants to dispute these erroneous deductions from his account, he has a post-deprivation remedy available under California law. Plaintiff does not allege that said remedy is inadequate. Plaintiff does not state a cognizable Due Process claim. Leave to amend should be denied as futile.

**C. Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against

an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that Defendants Biter, Tallerico, Tarnoff, Adams, Carter, and Valle retaliated against him in some unspecified manner regarding the three deductions from his prison account. He also alleges that Defendant Tarnoff retaliated against him for filing an appeal regarding the $55 deduction from his prison account by redacting and rejecting his appeals. Defendants McMahon, Estrella, Mike, Calasin, Molly, Pickering, Sanchez, Adams, Tallerico, Carter, and Valle retaliated against him in some unspecified manner because Plaintiff filed an appeal regarding the $55 deduction. Defendant Tarnoff rejected Plaintiff's appeal on the $455 deduction from his account in retaliation for Plaintiff filing an earlier appeal against her. Defendants Tarnoff and Tallerico denied Plaintiff's appeals regarding the $720 deduction from his prison account in retaliation for Plaintiff filing other appeals against them.

While Plaintiff alleges that Defendant Tarnoff redacted and rejected his appeals and Defendants Tarnoff and Tallerico denied his appeal regarding the $720 deduction from his prison account, Plaintiff fails to allege what adverse action the other Defendants took against him. Plaintiff also fails to connect any adverse conduct by any of the Defendants to his filing of grievances. Plaintiff's speculation that Defendants' conduct was motivated by his filing of grievances is insufficient. Plaintiff must allege facts to support each Defendant had a retaliatory mindset. *See Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing in addition to other evidence, including statements). Additionally, Plaintiff fails to allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Brodheim v. Cry*,

584 F.3d 1262, 1271 (9th Cir. 2009) (*quoting Sorrano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). Plaintiff was advised of these deficiencies in the Court's prior screening order. Leave to amend should be denied as futile.

**D. Declaratory Relief**

In addition to damages, Plaintiff seeks a declaration that Defendants violated his constitutional rights. Plaintiff's claims for damages necessarily entail a determination of whether his rights were violated, and therefore, his separate request for declaratory relief is subsumed by those claims. *Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005). In the Court's prior screening order, Plaintiff was advised of his inability to seek a declaration that Defendants violated his rights. Leave to amend is denied as futile.

## V. CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim upon which relief may be granted. Plaintiff was advised in the prior screening order of deficiencies in his claims and was given the opportunity to correct them. Plaintiff has failed to do so. Any further leave to amend reasonably appears futile and should be DENIED. The Clerk should send Plaintiff a copy of his First Amended Complaint filed on November 5, 2015 (ECF No. 13.) with this Order.

The undersigned recommends that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 7, 2015

/s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE